UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
MICHAEL SAUNDERS, on behalf of himself and all    :
others similarly situated,                                              :
                                                                                :
                                        Plaintiff,          :
                                                                                :        Civil Action No. 24-cv-00111
                        v.                                          :
                                                                                :
WITH YOU E-COMMERCE, LLC,  d/b/a            :
JESSICASIMPSON.COM,                                      :
                                                                                :
                                                                                :
                                        Defendant.         :
------------------------------------------------------------------ x


## <u>ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT<br>WITH YOU E-COMMERCE, LLC, d/b/a JESSICASIMPSON.COM</u>


Defendant, With You E-Commerce LLC, d/b/a JessicaSimpson.com ("WYL"), by its

attorneys, GRIMES LLC, answers the Class Action Complaint ("Complaint") of Plaintiff,

Michael Saunders ("Plaintiff"), as follows:

## <u>INTRODUCTION</u>

1.        States that it lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 1 of the Complaint, and on that basis, denies them

and leaves Plaintiff to his proof.

2.        States that Defendant WYL is a Delaware limited liability company; specifically

denies that Defendant WYL is a California corporation; does not admit or deny the accuracy of

the information accessed through the link in paragraph 2 of the Complaint; and admits the

remainder of the allegations contained in paragraph 2 of the Complaint.

3.        Specifically denies that Defendant failed to design, construct, maintain, and

operate http://www.jessicasimpson.com to be fully accessible to and independently usable by

Plaintiff and other blind or visually-impaired people; specifically denies that Plaintiff's rights under the Americans with Disabilities Act ("ADA") have been violated; and lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 3 of the Complaint, and on that basis, denies them and leaves Plaintiff to his proof.

4.     States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, and on that basis, denies them and leaves Plaintiff to his proof.

5.     States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, and on that basis, denies them and leaves Plaintiff to his proof.

6.     Specifically denies that http://www.jessicasimpson.com is not equally available to blind and visually impaired consumers; specifically denies that Defendant is in violation of the ADA; specifically denies that Plaintiff is entitled to an injunction; and denies the remainder of the allegations contained in paragraph 6 of the Complaint.

7.     Admitted.

8.     Admitted.

9.     States that it lacks knowledge or information sufficient to form a belief as to whether Plaintiff attempted to utilize, on a number of occasions, http://www.jessicasimpson.com within this judicial District, and on that basis, denies this allegation and leaves Plaintiff to his proof; and admits the remainder of the allegations contained in paragraph 9 of the Complaint.

10.     States that Defendant WYL is a Delaware limited liability company; specifically denies that Defendant WYL is a California corporation; and admits the remainder of the allegations contained in paragraph 10 of the Complaint.

11.     Specifically denies that Defendant has caused injury and violated rights the ADA prescribes to Plaintiff and to other blind and other visually impaired consumers; and denies the remainder of the allegations contained in paragraph 11 of the Complaint and leaves Plaintiff to his proof.

12.     Specifically denies that http://www.jessicasimpson.com contains access barriers; and states that it lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 12 of the Complaint, and on that basis, denies them and leaves Plaintiff to his proof.

13.     States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and on that basis, denies them and leaves Plaintiff to his proof.

14.     Admitted.

15.     States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, and on that basis, denies them and leaves Plaintiff to his proof.

16.     States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint, and on that basis, denies them and leaves Plaintiff to his proof.

17.     States that Defendant WYL is a Delaware limited liability company; specifically denies that Defendant WYL is a California corporation; and admits the remainder of the allegations contained in paragraph 17 of the Complaint.

18.     States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, and on that basis, denies them and leaves Plaintiff to his proof.

19.     States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, and on that basis, denies them and leaves Plaintiff to his proof.

20.     States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, and on that basis, denies them and leaves Plaintiff to his proof.

21.     States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, and on that basis, denies them and leaves Plaintiff to his proof.

22.     States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, and on that basis, denies them and leaves Plaintiff to his proof.

23.     States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, and on that basis, denies them and leaves Plaintiff to his proof.

24.     States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint, and on that basis, denies them and leaves Plaintiff to his proof.

25.     States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint, and on that basis, denies them and leaves Plaintiff to his proof.

26.     States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint, and on that basis, denies them and leaves Plaintiff to his proof.

27.     States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint, and on that basis, denies them and leaves Plaintiff to his proof.

28.     Admitted.

29.     Admitted.

30.     Denied.

31.     States that it lacks knowledge or information sufficient to form a belief as to the nature of Plaintiff's interests and the results of Plaintiff's Internet searches, and lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 31 of the Complaint, and on that basis, denies them and leaves Plaintiff to his proof.

32.     States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint, and on that basis, denies them and leaves Plaintiff to his proof.

33.     Admits that https://www.jessicasimpson.com contains a host of products, including sunglasses, watches, and pendants, each with its own "Product Tile" or "Product Card," which is a separate area that displays the product's image, name, price, and other relevant information, and which Product Tiles are usually arranged in a grid format; and states that it lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 33 of the Complaint (including, but not limited to, exactly what Plaintiff viewed on November 10, 2023) and on that basis, denies them and leaves Plaintiff to his proof.

34.     States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint, and on that basis, denies them and leaves Plaintiff to his proof.

35.     States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint, and on that basis, denies them and leaves Plaintiff to his proof.

36.     States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint (including, but not limited to, exactly what Plaintiff viewed on November 14, 2023) and on that basis, denies them and leaves Plaintiff to his proof.

37.     States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint (including, but not limited to, exactly what Plaintiff viewed on November 28, 2023) and on that basis, denies them and leaves Plaintiff to his proof.

38.     Specifically denies that significant portions of https://www.jessicasimpson.com are unusable due to various barriers that deny Plaintiff full and equal access to Defendant's online services, and lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 38 of the Complaint, and on that basis, denies them and leaves Plaintiff to his proof.

39.     Specifically denies that there are multiple violations of the ADA with respect to https://www.jessicasimpson.com, and lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 39 of the Complaint, and on that basis, denies them and leaves Plaintiff to his proof.

40.     Specifically denies that there are multiple violations of the ADA with respect to https://www.jessicasimpson.com, and lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 40 of the Complaint, and on that basis, denies them and leaves Plaintiff to his proof.

41.     Specifically denies that there are access barriers with respect to https://www.jessicasimpson.com, and lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 41 of the Complaint, and on that basis, denies them and leaves Plaintiff to his proof.

42.     Specifically denies that there are access barriers with respect to https://www.jessicasimpson.com; specifically denies that Plaintiff has been injured; specifically denies the need for an injunction; and lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 42 of the Complaint, and on that basis, denies them and leaves Plaintiff to his proof.

43.     Specifically denies that Defendant has denied Plaintiff full and equal access to and enjoyment of the goods, benefits, and services of https://www.jessicasimpson.com; specifically denies that Plaintiff has been injured; and denies the remainder of the allegations contained in paragraph 43 of the Complaint.

44.     States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint, and on that basis, denies them and leaves Plaintiff to his proof.

45.     Denied.

46.     Specifically denies that there are access barriers with respect to https://www.jessicasimpson.com that make Defendant's services inaccessible and independently unusable by blind and visually-impaired people; and lacks knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph 46 of the Complaint, and on that basis, denies them and leaves Plaintiff to his proof.

47.     Specifically denies that Defendant has engaged in acts of intentional discrimination; specifically denies that Defendant has engaged in the acts set forth in paragraph

47 of the Complaint; and denies the remainder of the allegations set forth in paragraph 47 of the Complaint.

48.     Denied.

49.     WYL refers to 42 U.S.C. §12188(a)(2) for the content thereof; specifically denies that injunctive relief is warranted in this action; and denies the remainder of the allegations contained in paragraph 49 of the Complaint.

50.     Specifically denies that https://www.jessicasimpson.com has never been equally accessible; specifically denies that Defendant lacks a corporate policy that is reasonably calculated to cause https://www.jessicasimpson.com to become and remain accessible; specifically denies that a permanent injunction is warranted; and denies the remainder of the allegations contained in paragraph 50 of the Complaint.

51.     Denied.

52.     Admits that Defendant has invested substantial sums in developing and maintaining https://www.jessicasimpson.com and that Defendant has generated significant revenue from its online platform; specifically denies that https://www.jessicasimpson.com is not equally accessible to visually impaired customers; specifically denies that injunctive relief is warranted; and denies the remainder of the allegations contained in paragraph 52 of the Complaint.

## CLASS ACTION ALLEGATIONS

53.     Specifically denies that certification of a nationwide class is warranted; specifically denies that Plaintiff is the appropriate individual to seek certification of a nationwide class; and denies the remainder of the allegations contained in paragraph 53 of the Complaint.

54.     Specifically denies that certification of a New York City subclass is warranted; specifically denies that Plaintiff is the appropriate individual to seek certification of a New York

City subclass; and denies the remainder of the allegations contained in paragraph 54 of the Complaint.

55.     Specifically denies that certification of a nationwide class or a New York City subclass is warranted; specifically denies that Plaintiff is the appropriate individual to seek certification of a nationwide class or a New York City subclass; and denies the remainder of the allegations contained in paragraph 55 of the Complaint.

56.     Specifically denies that certification of a nationwide class or a New York City subclass is warranted; specifically denies that Plaintiff is the appropriate individual to seek certification of a nationwide class or a New York City subclass; and denies the remainder of the allegations contained in paragraph 56 of the Complaint.

57.     Specifically denies that certification of a nationwide class or a New York City subclass is warranted; specifically denies that Plaintiff is the appropriate individual to seek certification of a nationwide class or a New York City subclass; and denies the remainder of the allegations contained in paragraph 57 of the Complaint.

58.     Specifically denies that certification of a nationwide class or a New York City subclass is warranted; specifically denies that Plaintiff is the appropriate individual to seek certification of a nationwide class or a New York City subclass; and denies the remainder of the allegations contained in paragraph 58 of the Complaint.

59.     Specifically denies that certification of a nationwide class or a New York City subclass is warranted; specifically denies that Plaintiff is the appropriate individual to seek certification of a nationwide class or a New York City subclass; and denies the remainder of the allegations contained in paragraph 59 of the Complaint.

60.     Specifically denies that certification of a nationwide class or a New York City subclass is warranted; specifically denies that Plaintiff is the appropriate individual to seek

certification of a nationwide class or a New York City subclass; and denies the remainder of the allegations contained in paragraph 60 of the Complaint.

## **FIRST CAUSE OF ACTION**

61.     WYL repeats and realleges each and every response set forth in paragraphs 1 through 60 as if fully set forth herein.

62.     WYL refers to Section 302(a) of Title III of the ADA, 42 U.S.C. §12101 *et seq.,* for the content thereof; and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint, and on that basis, denies them and leaves Plaintiff to his proof.

63.     WYL refers to Title III of the ADA, 42 U.S.C. §12181(7)*,* for the content thereof; and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint, and on that basis, denies them and leaves Plaintiff to his proof.

64.     WYL refers to Section 302(b)(1) of Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(i), for the content thereof; and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint, and on that basis, denies them and leaves Plaintiff to his proof.

65.     WYL refers to Section 302(b)(1) of Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(ii), for the content thereof; and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint, and on that basis, denies them and leaves Plaintiff to his proof.

66.     WYL refers to Section 302(b)(2) of Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(ii)-(iii), for the content thereof; and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint, and on that basis, denies them and leaves Plaintiff to his proof.

67.     Specifically denies Plaintiff's characterization of Defendant's acts; specifically denies that Defendant's acts constitute violations of Title III of the ADA; and denies the remainder of the allegations contained in paragraph 67 of the Complaint.

68.     WYL refers to 42 U.S.C. § 12188 for the content thereof; and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Complaint, and on that basis, denies them and leaves Plaintiff to his proof.

**SECOND CAUSE OF ACTION**

69.     WYL repeats and realleges each and every response set forth in paragraphs 1 through 68 as if fully set forth herein.

70.     WYL refers to N.Y.C. Administrative Code § 8-107(4)(a) for the content thereof; and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint, and on that basis, denies them and leaves Plaintiff to his proof.

71.     WYL refers to N.Y.C. Administrative Code § 8-102(9) for the content thereof; and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Complaint, and on that basis, denies them and leaves Plaintiff to his proof.

72.     WYL refers to N.Y.C. Administrative Code § 8-102(1) for the content thereof; and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Complaint, and on that basis, denies them and leaves Plaintiff to his proof.

73.     WYL refers to N.Y.C. Administrative Code § 8-107(4)(a) for the content thereof; specifically denies that Defendant has refused to update or remove access barriers with respect to http://www.jessicasimpson.com; and denies the remainder of the allegations contained in paragraph 73 of the Complaint.

74.     WYL refers to N.Y.C. Administrative Code § 8-107(15)(a) for the content thereof; and denies the remainder of the allegations contained in paragraph 74 of the Complaint.

75.     WYL refers to N.Y.C. Administrative Code § 8-107(4)(a) and §8-107(15)(a) for the content thereof; specifically denies that Defendant's actions constitute willful intentional discrimination; and denies the remainder of the allegations contained in paragraph 75 of the Complaint.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     WYL refers to N.Y.C. Administrative Code § 8-120 and §8-126 for the content thereof; and denies the remainder of the allegations contained in paragraph 81 of the Complaint.

## THIRD CAUSE OF ACTION

82.     WYL repeats and realleges each and every response set forth in paragraphs 1 through 81 as if fully set forth herein.

83.     Denied.

84.     Denied.

## PRAYER FOR RELIEF

Denies each and every allegation contained in the PRAYER FOR RELIEF following paragraph 84 of the Complaint.

## <u>AFFIRMATIVE DEFENSES</u>

## <u>FACTUAL STATEMENT IN SUPPORT OF AFFIRMATIVE DEFENSES</u>

1.      The ADA does not require a visually impaired individual who claims to have been denied access by a website to engage in any pre-litigation dispute resolution efforts. Rather, such an individual can file a Complaint without ever contacting the website operator.

2.      However, whether or not such an individual is acting in good faith and is entitled to whatever relief such individual seeks under the ADA is best evidenced by whether or not such individual: (i) approached the website operator; (ii) made the website operator aware of the claimed access issues, and (iii) afforded the website operator the opportunity to voluntarily address and resolve such issues without litigation.

3.      That Plaintiff should have approached Defendant when Plaintiff encountered accessibility issues with regard to Defendant's www.JessicaSimpson.com website is particularly true since Defendant: (i) has a policy in place; and (ii) engages in ongoing practices to do that which is necessary to address and resolve any such accessibility issues.

4.      Defendant's policy is evidenced by the fact that, prior to the filing of the instant Complaint, Defendant had engaged the services of UsableNet to utilize AQA software to test Defendant's www.JessicaSimpson.com website for accessibility issues so that Defendant might address and resolve any issues uncovered by the AQA software.

5.      Defendant's practices are evidenced by the fact that, when Defendant was previously approached by counsel for another visually impaired individual who voluntarily identified certain accessibility issues that had been encountered by that individual, Defendant immediately took steps to address and resolve the accessibility issues which that individual had encountered.

6.      The best evidence that such resolution occurred in the prior situation is the fact that opposing counsel took no further action after being informed by Defendant's counsel that all issues had been resolved.

7.      In the instant situation, Plaintiff did not in good faith: (i) approach Defendant; (ii) make Defendant aware of Plaintiff's alleged issues, and (iii) give Defendant the opportunity to voluntarily address and resolve the same.

8.      Instead, Plaintiff simply filed the Complaint, based upon usability testing of Defendant's www.JessicaSimpson.com website conducted by Plaintiff's counsel, not using AQA software, but rather, PowerMapper and Wave software.

9.      Upon receipt of Plaintiff's Complaint, as is Defendant's policy and practices, Defendant conducted further usability testing - not only through UsableNet using AQA software, but also, by engaging 216 Digital and using the PowerMapper and Wave software which Plaintiff's counsel had used, and additionally, Google Lighthouse software.

10.     Thereafter, any and all accessibility issues uncovered using AQA, PowerMapper, Wave and Google Lighthouse software, including those issues asserted by Plaintiff in the Complaint, were addressed and resolved by Defendant.

11.     Still further, Defendant had 216 Digital manually audit the critical views of Defendant's www.JessicaSimpson.com website using the NVDA screen reading software and Defendant took the requisite steps to remediate any critical barriers that would prevent a blind user from transacting on Defendant's www.JessicaSimpson.com website.

12.     That all of the issues identified in Plaintiff's Complaint have been addressed and resolved is reflected by the video which can be found at the following link:

https://drive.google.com/file/d/14nBYeC9ln5pQG-i_sX5jVntJwv5KjcrY/view?usp=sharing.

13.     A video evidencing that Defendant's www.JessicaSimpson.com website is reasonably accommodating to people with visual difficulties can be found at the following link: https://drive.google.com/file/d/1GGl48EqAjkrzS78C9gtgpoUnjGck7F_O/view?usp=sharing.

14.     Going forward, Defendant will continue to utilize the services of UsableNet and 216 Digital and the capabilities of AQA, PowerMapper, Wave and Google Lighthouse software to uncover, address and resolve any and all accessibility issues with Defendant's www.JessicaSimpson.com website.

15.     In view of the foregoing:

    (i)     Plaintiff has suffered no damage;

    (ii)    Plaintiff does not require injunctive relief;

    (iii)   Plaintiff's claim is moot; and

    (iv)    Plaintiff is not situated so as to be representative of a class of visually impaired individuals under the ADA and the need for a class action is moot.

16.     The foregoing Factual Statements in Support of Affirmative Defenses are incorporated into each and every Affirmative Defense set forth below.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted against Defendant.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for the equitable relief sought are barred, in whole or in part, under the doctrine of unclean hands.  Plaintiff did not in good faith: (i) approach Defendant; (ii) make Defendant aware of the claimed access issues, and (iii) afford Defendant the opportunity to voluntarily address and resolve such issues without litigation.  Instead, Plaintiff proceeded immediately to file this action in order to bring claims against a highly visible target.

### THIRD AFFIRMATIVE DEFENSE

At all times, Defendant has acted in good faith and without intent to harm Plaintiff or other third parties.  Prior to the receipt of the Complaint in this action, Defendant had taken steps to ensure that its website located at http://www.jessicasimpson.com is in compliance with the ADA, including, but not limited to, having UsableNet conduct an ADA compliance review using AQA software, and adopting practices and procedures to remediate any ADA-related complaints.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are moot because all issues raised in the Complaint have since been resolved.  Upon receipt of Plaintiff's Complaint, as is Defendant's policy and practices, Defendant conducted further usability testing - not only through UsableNet using AQA software, but also, by engaging 216 Digital and using PowerMapper, Wave and Google Lighthouse software and having 216 Digital conduct a manual audit.  Any and all accessibility issues uncovered were addressed and resolved by Defendant.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' damages claims are barred, in whole or in part, by Plaintiffs' failure to mitigate damages.  Plaintiff could have mitigated his damages by contacting Plaintiff with respect to any issues he was experiencing with respect to http://www.jessicasimpson.com.

### SIXTH AFFIRMATIVE DEFENSE

The matters that are the subject of Plaintiffs' Complaint are attributable to third parties over whom Defendant had neither control nor right of control.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not representative of the relevant class and therefore is not a proper class action Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant expressly reserves the right to raise such additional affirmative defenses as may be established during discovery and by the evidence in this case.

Dated: New York, New York
        February 29, 2024

GRIMES LLC

/s/ Russell D. Dize
Charles W. Grimes (CG0899)
Russell D. Dize (RD4000)
600 Third Avenue, 2nd Floor
New York, NY 10016
(516) 712-2777
*grimes@gandb.com*
*dize@gandb.com*

8890 Terrene Court, Unit 102
Bonita Springs, FL 34135
(239) 330-9000

*Attorneys for Plaintiff*
*With You LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Answer and Affirmative Defenses of Defendant With You E-Commerce, LLC, d/b/a JessicaSimpson.com has been served upon Plaintiff on this 29th day of February 2024, via the Court's electronic filing system and by E-mail, to:

Jon L. Norinsberg, Esq.
Bennitta L. Joseph, Esq.
Joseph & Norinsberg, LLC
jon@norinsberglaw.com
bennitta@employeejustice.com

By: /s/*Russell D. Dize*
    Russell D. Dize