# Joseph & Norinsberg LLC
## Fighting for Employee Justice

**Queens Office**
69-06 Grand Avenue, 3rd Floor
Maspeth, New York 11378

**Manhattan Office**
110 East 59th Street, Suite 2300
New York, New York 10022

**Newark Office**
One Gateway Center, Suite 2600
Newark, New Jersey 07102

**Philadelphia Office**
1515 Market Street, Suite 1200
Philadelphia, Pennsylvania 19102

**Boston Office**
225 Franklin Street, 26th Floor
Boston, Massachusetts 02110

**Orlando Office**
300 N. New York Ave, Suite 832
Winter Park, Florida 32790

**Jon L. Norinsberg, Esq.**
jon@norinsberglaw.com

March 12, 2024

**VIA ECF**
Honorable Analisa Torres
United States District Judge
Southern District of New York
40 Foley Square
New York, N.Y. 10007

Re:   Saunders v. With You E-Commerce, LLC, d/b/a
      Jessicasimpson.com
      1:24-Civ. 111 (AT)

Dear Judge Torres,

We represent Plaintiff Michael Saunders ("Plaintiff") in the above referenced ADA matter against Defendant, With You E-Commerce, LLC, d/b/a Jessicasimpson.com ("Defendant") (collectively the "Parties"). Together with Defendant's counsel, we submit this joint letter and proposed Case Management Plan, in accordance with this Court's Order issued on January 9, 2024. (ECF Doc. 9).

**(1) A Brief Statement of the Nature of the Action and the Principal Defenses.**

This is a case brought under the Americans with Disabilities Act ("ADA"). The Plaintiff experienced accessibility issues when navigating the Defendant's public website with the use of his screen-reading software and maintains that the website's incompatibility with such aids renders it inaccessible to non-sighted individuals.

Plaintiff seeks injunctive relief to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq*., and the N.Y.C. Administrative Code § 8-107. Plaintiff further seeks injunctive relief requiring Defendant to take all necessary steps to ensure its Website is in full compliance with the requirements set forth in the ADA, and its implementing regulations so that the Website is readily accessible to and usable by sight-impaired individuals. Plaintiff further seeks class certification, as well as attorney's fees and costs. While Defendant

contends that its website has been remedied, this is clearly not true. In fact, Plaintiff's counsel recently performed another audit of Defendant's website. This audit confirmed that there were still multiple and significant access barriers that exist on the website. Based on these audit results, Defendant's claim that the subject website is now fully accessible is baseless and must be rejected.

Defendant denies that www.jessicasimpson.com is not fully accessible to and independently usable by Plaintiff and other blind or visually-impaired individuals, and that Plaintiff's rights under the Americans with Disabilities Act ("ADA") have been violated.

Prior to the filing of the instant Complaint, Defendant had engaged the services of UsableNet to utilize AQA software to test Defendant's www.JessicaSimpson.com website for accessibility issues so that Defendant might address and resolve any issues uncovered by the AQA software. After the filing of the instant Complaint, Defendant conducted further usability testing - not only through UsableNet using AQA software, but also, by engaging the services of 216 Digital and using the PowerMapper and Wave software which Plaintiff's counsel had used, and additionally, Google Lighthouse software. Thereafter, any and all accessibility issues uncovered using AQA, PowerMapper, Wave and Google Lighthouse software, including those issues asserted by Plaintiff in the Complaint, were addressed and resolved by Defendant.

Still further, Defendant arranged for 216 Digital to manually audit the critical views of Defendant's www.JessicaSimpson.com website using the NVDA screen reading software and Defendant took the requisite steps to remediate any critical barriers that would prevent a blind user from transacting on Defendant's www.JessicaSimpson.com website. Thereafter, Defendant provided video evidence to Plaintiff demonstrating that all issues identified in Plaintiff's Complaint have been resolved.

In view of the foregoing: (i) Plaintiff has suffered no damage; (ii) Plaintiff does not require injunctive relief; and (iii) Plaintiff's claim is moot. The fact that Plaintiff has not dismissed this case in view of Defendant's evidence outlined above demonstrates that Plaintiff is continuing this litigation in order to garner a payout from an entity that owns the world renowned "JESSICA SIMPSON" brand.

Defendant believes that this case should be immediately dismissed without prejudice for the reasons outlined above. If this case is not immediately dismissed, Defendant will be seeking its reasonable attorney's fees, including litigation expenses and costs, as the prevailing party pursuant to 42 U.S.C. § 12205.

**(2) A Brief Description of Any Outstanding Motions:**

There are no outstanding motions at this time.

**(3) The Prospect For Settlement:**

The Parties have not yet had any discussions yet regarding the potential resolution of this dispute.

We thank the Court for its time and attention in this matter.

        Sincerely,

        _____
        Jon L Norinsberg, Esq.
        *Attorney for Plaintiff*
        110 East 59th Street, Suite 2300
        New York, New York 10022
        Tel. No.: (212) 227-5700
        Fax No.: (212) 406-6890
        jon@norinsberglaw.com

        /s/ Russell D. Dize_____
        Charles W. Grimes, Esq.
        Russell D. Dize, Esq.
        *Attorneys for Defendant*
        600 Third Avenue, 2nd Floor
        New York, NY 10016
        (516) 712-2777
        *grimes@gandb.com*
        *dize@gandb.com*